UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

In Re:

Case No.: _____

Chapter: _____

Adv. No.: _____

Hearing Date: _____

Judge: _____

## CERTIFICATION OF SERVICE

1. I, _____ :

☐ represent _____ in this matter.

☐ am the secretary/paralegal for _____, who represents _____ in this matter.

☐ am the _____ in this case and am representing myself.

2. On _____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: _____        _____

                                     Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |

# LAW OFFICES OF REX J. ROLDAN
### *A Professional Corporation*
#### WASHINGTON PROFESSIONAL CAMPUS
#### 900 ROUTE 168, SUITE I-4
#### TURNERSVILLE, NEW JERSEY 08012

REX J. ROLDAN
MEMBER OF NJ AND PA BARS

(856) 232-1425
FAX (856) 232-1025
E-MAIL: ROLDANLAW@COMCAST.NET

OUR FILE NO.: 4672RR

July 16, 2024

Atlantic City Electric
Bankruptcy Division
5 Collins Drive, Suite 2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

South Jersey Gas Company
Customer Care Center
PO Box 577
Hammonton, NJ 08037-0577

RE:     In re William E. Czyzewski, Jr. and Ashley E. Czyzewski
        Chapter 13 Bankruptcy Case No.: 24-13760 (ABA)

Dear Sir/Madam:

Please be advised that I represent the debtors, William E. Czyzewski, Jr. and Ashley E. Czyzewski, with regard to the above-referenced Chapter 13 Bankruptcy. Enclosed please find a copy of Orders Respecting Amendment to Schedule D, E/F, G or H or List of Creditors signed by the Honorable Andrew B. Altenburg, Jr., U.S.B.J. on July 9, 2024. Pursuant to said Order, enclosed please also find a copy of the following:

1.      Pertinent pages of Debtors' amended Schedule E/F;
2.      Notice of Chapter 13 Bankruptcy Case;
3.      Notice of Hearing on Confirmation of Plan; and
4.      Chapter 13 Plan and Motions.

Thank you for your attention to this matter.

Very truly yours,

Rex J. Roldan

RJR:amr
Enclosures

C:\Legal\bank\4672rr\creditors240716.wpd

Form oresadoc – oresadocv27

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
401 Market Street
Camden, NJ 08102

Case No.: 24–13760–ABA
Chapter: 13
Judge: Andrew B. Altenburg Jr.

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

William E. Czyzewski Jr.
aka William Ernest Czyzewski Jr.
56 Thackery Court
Sewell, NJ 08080

Ashley E. Czyzewski
aka Ashley Elizabeth Czyzewski
56 Thackery Court
Sewell, NJ 08080

Social Security No.:
xxx–xx–8197

xxx–xx–1239

Employer's Tax I.D. No.:

## ORDER RESPECTING
## AMENDMENT TO SCHEDULE D, E/F, G OR H
## OR LIST OF CREDITORS

The Court having noted that the debtor filed an Amendment to Schedule E/F on 7/8/2024 or to the List of Creditors on N/A , and for good cause shown, it is

ORDERED that the debtor must provide notice of the Amendment to the creditor(s) or party(ies) being deleted, added or modified and to the trustee in the case, if any, not later than 7 days after the date of this Order.

It is further ORDERED that the debtor(s) must serve on added creditors or parties, not later than 7 days after the date of this Order, the following:

1.    A copy of the applicable Notice of Chapter 13 Bankruptcy Case, and

2.    In a Chapter 11 case:

a)    a copy of the last modified plan and disclosure statement, if any, and

b)    a copy of any order approving the adequacy of the disclosure statement and/or the scheduling of the plan for confirmation.

3.    In a Chapter 12 or Chapter 13 case:

a)    a copy of the Notice of Hearing on Confirmation of Plan, if any, and

b)    a copy of the last modified plan that has been filed in the case.

It is further ORDERED that not later than 7 days after the date of this Order, the debtor(s) must file the Local Form, Certification of Service, certifying compliance with the above requirements.

It is further ORDERED that the added creditors or parties have

1.    until the original deadline, if any, fixed by the court to file a complaint to object to the debtor's discharge or dischargeability of certain debts, or sixty 60 days from the date of this Order, whichever is later;

2.    until the original deadline, if any, fixed by the Court to file a proof of claim or required supplement,

or sixty 60 days from the date of this Order, whichever is later;

3.    until the original deadline fixed by the Court to object to exemptions, or thirty 30 days from the date of this Order, whichever is later.

Dated: July 9, 2024
JAN: lgr

Andrew B. Altenburg Jr.
United States Bankruptcy Judge

Debtor 1  **William E. Czyzewski, Jr.**
Debtor 2  **Ashley E. Czyzewski**

Case number (if known)  **24-13760**

---

| 4.4 | **American Express** | Last 4 digits of account number  **6823** | **$3,398.64** |

Nonpriority Creditor's Name
PO Box 981535
El Paso, TX 79998-1535
Number Street City State Zip Code

When was the debt incurred?  **various dates**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **credit card charges**

---

| 4.5 | **Atlantic City Electric** | Last 4 digits of account number  **5842** | **$1,049.79** |

Nonpriority Creditor's Name
Bankruptcy Division
5 Collins Drive, Suite 2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600
Number Street City State Zip Code

When was the debt incurred?  **various dates**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **utility service charges**

---

| 4.6 | **Best Buy Credit Services** | Last 4 digits of account number  **0437** | **$498.00** |

Nonpriority Creditor's Name
PO Box 790441
Saint Louis, MO 63179
Number Street City State Zip Code

When was the debt incurred?  **various dates**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **credit card charges**

---

Debtor 1   William E. Czyzewski, Jr.

Debtor 2   Ashley E. Czyzewski

Case number (if known)   24-13760

---

**4.4 6**

**Prosper Marketplace, Inc.**
Nonpriority Creditor's Name
**221 Main Street, Suite 300**
**San Francisco, CA 94105**
Number Street City State Zip Code
Who incurred the debt? Check one.

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number   **5957**

When was the debt incurred?   **January, 2023**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **personal loan**

**$18,304.00**

---

**4.4 7**

**South Jersey Gas Company**
Nonpriority Creditor's Name
**Customer Care Center**
**PO Box 577**
**Hammonton, NJ 08037-0577**
Number Street City State Zip Code
Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number   **0186**

When was the debt incurred?   **various dates**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **utility service charges**

**$2,010.64**

---

**4.4 8**

**Synchrony Bank**
Nonpriority Creditor's Name
**ATTN: Bankruptcy Dept**
**PO Box 965060**
**Orlando, FL 32896-5060**
Number Street City State Zip Code
Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number   **3028**

When was the debt incurred?   **various dates**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **credit card charges**

**$2,022.00**

---

| Information to identify the case: | | |
|---|---|---|
| Debtor 1: | **William E. Czyzewski Jr.**<br>First Name   Middle Name   Last Name | Social Security number or ITIN:  xxx–xx–8197<br>EIN:  __–_____ |
| Debtor 2:<br>(Spouse, if filing) | **Ashley E. Czyzewski**<br>First Name   Middle Name   Last Name | Social Security number or ITIN:  xxx–xx–1239<br>EIN:  __–_____ |
| United States Bankruptcy Court:   District of New Jersey | | Date case filed for chapter:   13   4/13/24 |
| Case number:   24–13760–ABA | | |

## Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

**10/20**

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

**Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the party's correct address, resend the returned notice, and notify this office of the party's change of address. Failure to provide all parties with a copy of this notice may adversely affect the debtor as provided by the Bankruptcy Code.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | William E. Czyzewski Jr. | Ashley E. Czyzewski |
| 2. | All other names used in the last 8 years | aka William Ernest Czyzewski Jr. | aka Ashley Elizabeth Czyzewski |
| 3. | Address | 56 Thackery Court<br>Sewell, NJ 08080 | 56 Thackery Court<br>Sewell, NJ 08080 |
| 4. | Debtor's attorney<br>Name and address | Rex J. Roldan<br>Law Office of Rex J. Roldan, PC<br>Washington Professional Campus<br>900 Route 168, Suite I–4<br>Turnersville, NJ 08012 | Contact phone (856) 232–1425<br><br>Email:  roldanlaw@comcast.net |
| 5. | Bankruptcy trustee<br>Name and address | Andrew B Finberg<br>Office of the Chapter 13 Standing Trustee<br>535 Route 38<br>Suite 580<br>Cherry Hill, NJ 08002 | Contact phone 856–663–5002 |
| 6. | Bankruptcy clerk's office<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov.<br>(800) 676–6856 | 401 Market Street<br>Camden, NJ 08102<br>Additional information may be available at the Court's Web Site:<br>www.njb.uscourts.gov. | Hours open: 8:30 AM – 4:00 p.m., Monday – Friday (except holidays)<br>Contact phone 856–361–2300<br>Date: 4/14/24 |

**For more information, see page 2**

Debtor  William E. Czyzewski Jr.  and  Ashley E. Czyzewski

Case number 24–13760-ABA

| 7. Meeting of creditors | | |
|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so.

All individual debtors must provide picture identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed. | **May 9, 2024 at 10:00 AM**

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:
Meeting held by Zoom, visit join.zoom.us, Enter Meeting ID 571 854 9346, Click on JOIN using passcode 0895556855, or call 1–856–329–3438

For additional meeting information go to https://www.justice.gov/ust/moc |

| 8. Deadlines | | |
|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**

**You must file:**
• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or
• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | Filing deadline: 7/8/24 |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: 6/24/24 |
| | **Deadline for governmental units to file a proof of claim:** | Filing deadline: 180 days from date of order for relief. 11 U.S.C. § 502(b)(9) |
| | **Deadlines for filing proof of claim:**
A proof of claim is a signed statement describing a creditor's claim. A proof of claim form ("Official Form 410") may be obtained at www.uscourts.gov or any bankruptcy clerk's office. You may also contact the Clerk's Office where this case is pending to request that a Proof of Claim form be mailed to you. The Clerk's Office telephone number is included on the front of this Notice. Also, Claims can be filed electronically through the court's website at: http://www.nib.uscourts.gov under File An Electronic Claim.
If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.
Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**
The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: 30 days after the conclusion of the meeting of creditors |

| 9. Filing of plan | The debtor has filed a plan. The plan and notice of confirmation hearing will be sent separately. |
|---|---|
| 10. Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 11. Filing a chapter 13 bankruptcy case | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| 12. Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| 13. Discharge of debts | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline.

**WRITING A LETTER TO THE COURT OR THE JUDGE IS NOT A SUBSTITUTE FOR FILING AN ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OR DISCHARGEABILITY. IN NO CIRCUMSTANCE WILL WRITING A LETTER PROTECT YOUR RIGHTS.** |

Form 132 – 13sum

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
401 Market Street
Camden, NJ 08102

_____

                                    Case No.:  24–13760–ABA
                                    Chapter:  13
                                    Judge:  Andrew B. Altenburg Jr.

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    William E. Czyzewski Jr.                        Ashley E. Czyzewski
    aka William Ernest Czyzewski Jr.                aka Ashley Elizabeth Czyzewski
    56 Thackery Court                               56 Thackery Court
    Sewell, NJ 08080                                Sewell, NJ 08080
Social Security No.:
    xxx–xx–8197
                                                    xxx–xx–1239
Employer's Tax I.D. No.:

_____

## NOTICE OF HEARING ON CONFIRMATION OF PLAN

Date:              6/12/24
Time:              10:00 AM
Location:          Courtroom 4B, Mitchell H. Cohen Courthouse, 1 John F. Gerry Plaza, 400 Cooper Street,
Camden, NJ 08101–2067

         An objection to confirmation of the plan, including any motions referenced therein to avoid judicial liens
under 11 USC section 522(f) and/or to avoid liens and reclassify claims in whole or in part, shall be filed and served
seven days before confirmation. Filing a motion for relief from the automatic stay will not be considered an objection
to the confirmation.

         **If, at the confirmation hearing, it is determined that the debtor's plan is not confirmable, the case
may be dismissed or converted.**

A copy of the Plan will follow this notice.

Dated: April 15, 2024
JAN: lgr

                              Jeanne Naughton
                              Clerk, U. S. Bankruptcy Court

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

☒ Valuation of Security        ☒ Assumption of Executory Contract or unexpired Lease        ☒ Lien Avoidance

Last revised: November 14, 2023

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                                          Case No.: _____

WILLIAM E. CZYEWSKI, JR. and ASHLEY          Judge: _____
E. CZYZEWSKI

    Debtor(s)

## Chapter 13 Plan and Motions

☒ Original              ☐ Modified/Notice Required          Date: April 13, 2024

☒ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

The Court issued a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the Chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☐ 7b / ☒ 7 c.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☐ 7b / ☐ 7 c.

Initial Debtor(s)' Attorney: ___/s/ RJR___ Initial Debtor: ___/s/ WEC___ Initial Co-Debtor: ___/s/ AEC___

## Part 1: Payment and Length of Plan

a. The debtor shall pay to the Chapter 13 Trustee $ _____2,531.00_____ monthly for __60__ months starting on the first of the month following the filing of the petition. (If tier payments are proposed) : and then $_____per month for _____months; $_____per month for _____months, for a total of _____months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering real property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. See also Part 4.

☐ If a Creditor filed a claim for arrearages, the arrearages ☐ will / ☒ will not be paid by the Chapter 13 Trustee pending an Order approving sale, refinance, or loan modification of the real property.

e. For debtors filing joint petition:

☒ Debtors propose to have the within Chapter 13 Case jointly administered. If any party objects to joint administration, an objection to confirmation must be timely filed. The objecting party must appear at confirmation to prosecute their objection.

Initial Debtor: ____/s/ WEC____ Initial Co-Debtor: ____/s/ AEC____

## Part 2: Adequate Protection  ☐ NONE

a.  Adequate protection payments will be made in the amount of $_____150.00_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____CarMax Auto Finance_____(creditor). (Adequate protection payments to be commenced upon order of the Court.)

b.  Adequate protection payments will be made in the amount of $ _____to be paid directly by the debtor(s), pre-confirmation to: _____(creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Name of Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4,213.00 |
| DOMESTIC SUPPORT OBLIGATION | | |
| INTERNAL REVENUE SERVICE | INCOME TAXES | $980.00 |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Name of Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a.   Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the
debtor shall pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| CMG Financial | Residence | $22,623.75 | | $22,623.75 | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

### b.   Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the
debtor will pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| | | | | | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

**c.   Secured claims to be paid in full through the plan which are excluded from 11 U.S.C. 506: ☒ NONE**
The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Interest Rate | Amount of Claim | Total to be Paid Including Interest Calculation by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**d.   Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**
     1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|---|
| CarMax Auto Finance | 2019 Chevrolet Silverado | $42,102.00 | $31,675.00 |  | $42,102.00 | 6.73% | $49,699.20 |

     2.) Where the Debtor retains collateral and completes all Plan payments, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender ☒ NONE**

Upon confirmation, the automatic stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 shall be terminated in all respects. The Debtor surrenders the following collateral:

| Name of Creditor | Collateral to be Surrendered (identify property and add street address, if applicable) | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f.  Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

| Name of Creditor | Collateral (identify property and add street address, if applicable) |
|---|---|
| Aqua Finance, Inc.<br><br>Pentagon Federal Credit Union | 2023 Grand Design Transcend camper<br><br>2016 Cadillac Escalade |

**g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE**

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Amount | Interest Rate | Total Amount to be Paid through the plan by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 5:    Unsecured Claims  ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____to be distributed *pro rata*

☐ Not less than _____percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Name of Creditor | Basis For Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Name of Creditor | Arrears to be Cured and paid by Trustee | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment to be Paid Directly to Creditor by Debtor |
|---|---|---|---|---|
| Sunrun, Inc. | $0.00 | Solar panel lease | Assumed and paid outside the plan | $94.09 |

**Part 7:   Motions  ☐ NONE**

NOTE: All plans containing motions must be served on all affected lienholders, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Name of Creditor | Nature of Collateral (identify property and add street address, if applicable) | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured. ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| CarMax Auto Finance | 2019 Chevrolet Silverado | $42,102.00 | $31,675.00 | $49,699.20 | Any remaining interest |

d. Where the Debtor retains collateral, upon completion of the Plan and issuance of the Discharge, affected Debtor may take all steps necessary to remove of record any lien or portion of any lien discharged.

**Part 8:   Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.   Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Chapter 13 Standing Trustee Fees, upon receipt of funds

2) Attorney's fees _____

3) Priority claims _____

4) Secured claims _____

5) Unsecured claims _____

6) _____

**d.  Post-Petition Claims**

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification  ☒ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____.

Explain below **why** the plan is being modified:

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

## Part 10: Non-Standard Provision(s):

Non-Standard Provisions:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*.

I certify under penalty of perjury that the above is true.

Date:  April 13, 2024                              /s/ William E. Czyzewski, Jr.
                                                   Debtor

Date:  April 13, 2024                              /s/ Ashley E. Czyzewski
                                                   Joint Debtor

Date:  April 13, 2024                              /s/ Rex J. Roldan
                                                   Attorney for the Debtor(s)