# *Office of the Chapter 13 Standing Trustee*

## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*
*Jennifer R. Gorchow, Staff Attorney*
*William H. Clunn, III, Staff Attorney*

*Lu'Shell K. Alexander\**
*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Kimberly A. Talley\**

*\*Certified Bankruptcy Assistant*

August 18, 2025

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

> RE:    **Chapter 13 Bankruptcy**
> **Case No. 24-13760 (ABA)**
> **Debtor(s) Name: William E. Czyzewski, Jr. and Ashley E. Czyzewski**

Dear Judge Altenburg:

Please accept this letter in lieu of a more formal response to Debtors' Motion to Vacate Dismissal Order, which is returnable August 26, 2025, at 10:00 a.m.

Debtors filed for Chapter 13 bankruptcy protection on April 13, 2024.  On November 14, 2024, an Order Confirming Chapter 13 Plan was entered by the Court at $15,186 paid to date, then $2,850 for 53 months to pay administrative fees totaling $4,213, pay IRS priority claim in the amount of $917; cure pre-petition mortgage arrears in the amount of $27,008.82; cramdown CarMax Auto Finance for the 2019 Chevrolet Silverado to $52,270.43; maintain payments due to Aqua Finance, Inc. for the 2023 Gran Design Transcend; cure pre-petition arrears due to Pentagon Federal Credit Union in the amount of $1,202.11 for the 2016 Cadillac Escalade with a pro rata distribution to unsecured creditors who filed timely claims.

On July 6, 2025, the Chapter 13 Trustee filed a Certification of Default for Debtors' failure to submit plan payments.  Debtors did not file opposition to the Trustee's Certification of Default, and an Order Dismissing Case was entered July 22, 2025.

In the interim, an Order Approving Sale of Real Estate was entered by the Court on July 22, 2025.  Pursuant to the Order, Debtors may claim sale proceeds up to $54,960 as exempt.  Any remaining proceeds are non-exempt and shall be forwarded to the Chapter 13 Trustee.  Debtors were further required to file a Modified Chapter 13 Plan within 21 days of the date of the Order.

Debtors now come before the Court on a Motion to Vacate Dismissal Order.  Debtors

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

state that by the return date of the motion, the sale of their property will have taken place. Debtors propose to hold the non-exempt proceeds in escrow and will provide these funds to the Trustee upon reinstatement of their case.  Debtors seek to use the non-exempt proceeds from the sale to pay towards the arrears as well as for future payments towards the confirmed Chapter 13 Plan.  The Trustee objects.

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 into bankruptcy cases. Federal Rule of Civil Procedure 60 lists the grounds for relief from a final judgment or order like the Order of Dismissal in this case.

Federal Rule of Civil Procedure 60(b) provides five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding":
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b).

A Motion to Vacate Dismissal is essentially a motion for reconsideration and "is an extraordinary remedy and is only appropriate in select and narrow instances." In re McClees, 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023). The Debtor "who seeks such extraordinary relief from a final judgment bears a heavy burden." Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967). Further, the moving party holds the heavy burden of demonstrating more than mere disagreement with a Court's decision. In re McClees, 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023). Debtor's Motion fails to address any grounds for the extraordinary relief under Rule 60(b).

The plan arrears currently total $6,407.  Non-exempt proceeds are applied as an additional base to unsecured creditors who filed timely claims.  Non-exempt proceeds cannot be utilized to cure plan arrears and/or be applied towards future plan payments.  As a result, non-exempt proceeds from the sale of real estate will not cure the plan arrears.

For these reasons and because Debtors failed to meet their burden to sufficiently plead and prove a basis for relief from the Order Vacating Dismissal under Federal Rule of Bankruptcy 60(b), the Motion to Vacate Dismissal should be denied in its entirety and the case should remain dismissed.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Parenthetically, the Chapter 13 Trustee's office made multiple attempts to resolve the Trustee's concerns amicably in lieu of a formal objection being filed.  Counsel did not respond to the Trustee's inquiries, thereby forcing the Trustee to file a response to the motion.

In the event Debtors' motion is granted, the Trustee requests Debtors be required to provide the Trustee with a copy of the HUD-1 Settlement Statement, forward all non-exempt proceeds as an additional base to unsecured creditors, and file a Modified Chapter 13 Plan and Amended Schedule J within ten (10) days of the date of the Order.

As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,

*s/ Andrew B. Finberg*
Andrew B. Finberg
Chapter 13 Standing Trustee

ABF/jpa
cc:     Rex J. Roldan, Esquire (Via email & ECF/CM)
        William E. Czyzewski, Jr. (Via First Class Mail)
        Ashley E. Czyzewski (Via First Class Mail)

Cherry Tree Corporate Center                                    **Payments Only:**
535 Route 38
Suite 580                                                        **P.O. Box 1978**
Cherry Hill, NJ 08002                                   **Memphis, TN 38101-1978**
(856) 663-5002

Page **3** of **3**